370 F.2d 226
 TEAMSTERS LOCAL UNIONS 745, 47, 886, 523, 270, 5, 568, 667 AND 891, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
Braswell Motor Freight Lines, Inc., et al., Intervenors.
BRASWELL MOTOR FREIGHT LINES, INC., Braswell Freight Lines, Inc., and J. V. Braswell, an Individual, Petitioners,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 19558.
 No. 20154.
 No. 20155.
 United States Court of Appeals District of Columbia Circuit.
 Argued October 10, 1966.
 Decided October 14, 1966.
 
 Mr. L. N. D. Wells, Jr., Dallas, Tex., for petitioners in No. 19558. Messrs. Charles J. Morris, Dallas, Tex, and Herbert S. Thatcher, Washington, D. C., also entered appearances for petitioners in No. 19558.
 Mr. Allen P. Schoolfield, Jr., Dallas, Tex., of the Bar of the Supreme Court of Texas, pro hac vice, by special leave of court, with whom Mr. J. Parker Connor, Washington, D. C., was on the brief, for petitioners in Nos. 20154 and 20155 and intervenors in No. 19558. Mr. Eugene F. Mullin, Jr., Washington, D. C., also entered an appearance for petitioners in Nos. 20154 and 20155 and intervenors in No. 19558.
 Miss Marion Griffin, Atty., N. L. R. B., with whom Messrs. Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Mrs. Nancy M. Sherman, Atty., N. L. R. B., were on the brief, for respondent.
 Before BAZELON, Chief Judge, and FAHY and TAMM, Circuit Judges.
 PER CURIAM:
 
 
 1
 This protracted dispute and Board proceedings consequent thereupon come before us in No. 19558 on petitions for review filed by the named locals of the Teamsters Union, and in Nos. 20154 and 20155 on petitions for review filed by the Braswell Motor Freight Lines, Inc., Braswell Freight Lines, Inc., and J. V. Braswell, all herein referred to as Braswell. The latter would have us set aside the order based on the Board's decision that Braswell had violated Section 8(a) (5) of the National Labor Relations Act, as amended. The order also contains reinstatement provisions applicable to employees who had gone on strike as a consequence, as the Board found, of the 8(a) (5) unfair labor practice. The Board cross-petitions for enforcement of the order, other provisions of which need not be related.
 
 
 2
 The locals support that part of the order which runs against Braswell but would have the court reject the decision of the Board that Braswell did not also engage in the unfair labor practice in additional respects. The locals also petition for modification and enlargement of that part of the Board's order relating to access of the locals to books and records of Braswell.
 
 
 3
 The history of the proceedings before the Board demonstrates that the disputed issues are not susceptible of easy or clear solution; but the court, finding no solid basis for disturbing the inferences and conclusions of the Board, will now deny the prayers of the petitions to review and will enforce the order, deeming it in the interest of the parties that the case be decided promptly without the delay incident to the preparation of a full opinion.
 
 
 4
 Petitions for review are denied, and Order of the Board is enforced.